Gilberto Gierbolini, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La parte demandante-apelante del caso de epígrafe acude a este Tribunal y nos solicita la revocación de la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 9 de mayo de 1995 y cuya copia de la notificación fue archivada en autos el 24 de mayo de 1995. En dicha sentencia, el tribunal de instancia resolvió la demanda en daños y perjuicios presentada por los esposos Miguel Torres Román y Zoraida Ramos Matta y la sociedad de gananciales compuesta por ambos (en adelante esposos Torres Ramos), a favor de la parte demandada, Supermercado Xtra y otros (Xtra). Luego de examinar los hechos del caso, la posición de las partes contenida en sus respectivos escritos, la transcripción de la vista en su fondo, así como el derecho aplicable, hemos determinado que procede REVOCAR.
I
El 13 de mayo de 1993, los esposos Ramos Torres fueron a Xtra de Vega Baja. Luego de obtener autorización para pagar con cheque, seleccionaron la mercancía que iban a comprar, la pagaron y empacaron en las bolsas provistas por el supermercado. Al salir del mismo, comenzó a sonar la alarma de seguridad del sistema de "check point", utilizada por el supermercado para controlar la apropiación ilegal de sus productos. Los esposos Torres Ramos estaban ya en el estacionamiento cuando la encargada de seguridad (Front End Manager), Lourdes Negrón Valentín, intervino con ellos y les *1067 requirió que regresaran al establecimiento. Una vez adentro, desactivaron el censor que activó la alarma. Posteriormente, a solicitud de los esposos, un oficial de la policía realizó una investigación del asunto, más no presentó querella. El 6 de agosto de 1993 los esposos Torres Ramos presentaron demanda de daños y perjuicios por alegados daños, producto del incidente suscitado. El 9 de mayo de 1995, el Tribunal de Primera Instancia emitió Sentencia, la cual fue notificada el 24 de mayo de 1995. Los esposos Torres Ramos presentaron apelación de dicha sentencia el 5 de julio de 1995. Asimismo, Xtra presentó su escrito el 26 de julio de 1995.
Luego de examinar los escritos de las partes y demás documentos que obran en el expediente del presente caso, advertimos que la controversia consiste en determinar si la actuación de los empleados de Xtra fue negligente y si la misma produjo algún daño por causa de tal negligencia.
n
El derecho de propiedad concede a su tenedor la facultad de ejercer su señorío sobre la cosa que le pertenece con exclusión de toda otra persona, Código Civil, Artículo 280, 31 L.P.R.A. lili. Puig Brutau mantiene que "el propietario tiene el derecho de excluir a los demás para que no interfieran o impidan el uso, disfrute y disposición del objeto de su derecho," Puig Brutau, Fundamentos de Derecho Civil, páginas 167-68, citado en Soc. Gananciales v. González Padín Co., Inc., 117 D.P.R. 94, 100 (1986). En tal sentido, está resuelto que en nuestra jurisdicción el propietario de un bien tiene la facultad o el derecho de hacer uso de mecanismos, instrumentos o estructuras, que no sean inherentemente peligrosos ni atenten contra la integridad personal de los seres humanos con el propósito de evitar la apropiación ilegal, Soc. Gananciales v. González Padín Co., Inc., supra. No obstante, un propietario viene obligado a prevenir los daños que en el ejercicio de su derecho de propiedad pueda ocasionar a terceros, Soc. Gananciales v. González Padín Co., Inc., supra. Más aún, cuando el objeto del derecho de propiedad es un establecimiento comercial abierto al público, nuestra jurisprudencia ha impuesto al propietario del mismo un deber particular que lo obliga de manera especial con las personas que son inducidas o invitadas por él a patrocinar el establecimiento. Véase, Rosado Feliciano v. Supermercado Mr. Special, et al., 96 J.T.S. 6; Colón García v. Toys "R" Us, Inc., 95 J.T.S. 153; Colón Miranda v. Plaza Las Américas, 94 J.T.S. 84. El quebrantamiento o incumplimiento de este deber por parte del propietario, o sus empleados y la responsabilidad civil que tiene origen a partir de ese hecho, nos lleva al ámbito de las obligaciones extracontractuales y a la consideración de la responsabilidad del propietario por los daños que por acción u omisión de él o sus empleados puedan sufrir terceras personas dentro de su propiedad.
En nuestro ordenamiento, la acción de daños y perjuicios está amparada por el Artículo 1802 del Código Civil, 31 L.P.R.A. 5141. La reclamación fundada en la responsabilidad extracontractual presupone la existencia de un daño o perjuicio, la ocurrencia de un acto u omisión negligente y que dicho acto u omisión sea la causa adecuada del daño, Ramírez Salcedo v. E.L.A., 96 J.T.S. 41; Tormos Arroyo v. Departamento de Instrucción Pública del E.L.A., 96 J.T.S. 34; Miranda v. E.L.A., 94 J.T.S. 152. Los elementos a considerar para determinar si una omisión genera responsabilidad son la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño y si de haber realizado el acto omitido el daño hubiera sido evitado, Tormos Arroyo v. Departamento de Instrucción Pública del E.L.A., supra; Soc. Gananciales v. González Padín Co. Inc., supra.
En el presente caso, quedó probada la responsabilidad de Xtra frente a los esposos Torres Ramos. El daño de éstos consistió en la vergüenza pública a la que fueron expuestos por oficiales del supermercado cuando los hicieron entrar de vuelta al mismo una vez sonó la alarma. El sistema de alarma está diseñado para detectar la apropiación ilegal de mercancía. No tenemos duda de que su activación, junto a la intervención de la encargada de seguridad del supermercado con los esposos demandantes creó la apariencia de que éstos estaban cometiendo algún acto ilegal ante el resto de la clientela, lo cual produjo la humillación a la que alude el señor Torres en su deposición, Apéndice, página 59. Además, es claro que dicho daño fue producido por la negligencia de Xtra. Tal negligencia consistió en la omisión culposa incurrida al no mantener el sistema de "check point" funcionando adecuadamente. Xtra tenía el deber jurídico de atender el buen funcionamiento del sistema de seguridad en tanto que "la responsabilidad de que dicho sistema funcione adecuada y apropiadamente corresponde, de manera primaria y como regla general, al establecimiento comercial," Soc. Gananciales v. González Padín Co., Inc., supra, página 108. Asimismo, el mal funcionamiento del sistema de "check point" fue causa adecuada del daño sufrido por los *1068 demandantes. De haber cumplido con su deber, el supermercado hubiera evitado el daño.
Al concurrir, de la forma expuesta, los requisitos impuestos por la jurisprudencia en casos de responsabilidad extracontractual, como el de autos, resolvemos que los esposos Torres Ramos tienen derecho a la reparación de sus daños, los cuales, razonablemente valoramos en $6,000. Por razón de nuestra decisión, no es necesario discutir los demás errores señalados.
Por los fundamentos antes expuestos, REVOCAMOS la Sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General